# Exhibit 1

**Case History**

| | Filed by Plaintiff/Petitioner |
| | Filed by Defendant/Respondent |
| | Filed by Court |

**Case Number:** 2024CV030689

Printable Version

\* Pending Acceptance by the Court

**Case Type:** Wages
**Case Caption:** Mankovitch, Teresa v. Harouts Inc Dba Brewing Market Ltd et al

**Division:** 3
**Judicial Officer:** J. Chris Larson
**Court Location:** Boulder County



Register of Actions | Serve Only Documents | Case Schedule | Download

Show 20    1 - 2 of 2    << < 1 > >>

| | Filing ID | Date Filed | Authorizer | Organization | Filing Party | | Document | Document Title | Document Security |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 9FA5D50627279 | 08/29/2024 12:08 PM | Brandt Milstein | Milstein Turner PLLC | Teresa Mankovitch | ☐ | Return of Service | Return of Service - Harout's Inc., d/b/a Brewing Market, Ltd. in Boulder County, CO onAugust 26, 2024 | Public |
| | | | | | | ☐ | Return of Service | Return of Service - Artine Yapoujian in Boulder County, CO on August 26, 2024 | Public |
| ☐ | 8F98E750B7239 | 08/19/2024 3:19 PM | Brandt Milstein | Milstein Turner PLLC | Teresa Mankovitch | ☐ | Complaint | Class and Collective Action Complaint for Tip Theft and Unpaid Wages | Public |
| | | | | | | ☐ | Civil Case Cover Sheet | Civil Case Cover Sheet - 16-1 Not Applicable | Public |
| | | | | | | ☐ | Consent | Consent to Join | Public |

1 - 2 of 2

<< < 1 > >>

| | |
|---|---|
| DISTRICT COURT<br>BOULDER COUNTY, COLORADO<br>1777 6th Street<br>Boulder, CO 80302<br><br>**PLAINTIFF:** TERESA MANKOVICH on her own behalf and on behalf of all others similarly situated,<br><br>**v.**<br><br>**DEFENDANTS:** HAROUT'S INC., d/b/a BREWING MARKET, LTD and ARTINE YAPOUJIAN. | DATE FILED<br>August 19, 2024 3:19 PM<br>FILING ID: 8F98E750B7239<br>CASE NUMBER: 2024CV30689<br><br><br><br><br>☐   COURT USE ONLY   ☐ |
| Attorney for Plaintiff:<br>Brandt Milstein, Atty. Reg. # 42866<br>MILSTEIN TURNER, PLLC<br>2400 Broadway, Suite B<br>Boulder, CO 80304<br>303.440.8780<br>brandt@milsteinturner.com | Case Number:<br><br><br><br><br>Ctrm/Div: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   X   This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☐   This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.  ☐  This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date: August 19, 2024**                    **"Electronically Filed"**
                                             **_s/ Brandt Milstein_**
                                             **Attorney for Plaintiff**

DISTRICT COURT
BOULDER COUNTY, COLORADO
1777 6th Street
Boulder, CO 80302

**PLAINTIFF:** TERESA MANKOVICH on her own behalf
and on behalf of all others similarly situated,

**v.**

**DEFENDANTS:** HAROUT'S INC., d/b/a BREWING
MARKET, LTD and ARTINE YAPOUJIAN.

DATE FILED
August 19, 2024 3:19 PM
FILING ID: 8F98E750B7239
CASE NUMBER: 2024CV30689

☐    COURT USE ONLY    ☐

Attorney for Plaintiff:
Brandt Milstein, Atty. Reg. # 42866
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
Phone Number: 303.440.8780
brandt@milsteinturner.com

Case Number:

Ctrm/Div:

## CLASS AND COLLECTIVE ACTION COMPLAINT FOR TIP THEFT AND UNPAID WAGES

Plaintiff, by and through undersigned counsel, on her own behalf and on behalf of all others similarly situated, files this Class and Collective Action Complaint for Tip Theft and Unpaid Wages against the above-named Defendants to recover tips which Defendants stole from their employees and to recover unpaid minimum wages.

## STATEMENT OF THE CASE

1.      Defendants run a five-store coffee shop business in Boulder County.

2.      Defendants stole a portion of the tips that their customers left for Defendants' hourly employees, and took those tips for the ownership and/or managers of the enterprise.

3.      Defendants thus violated the Fair Labor Standards Act ("FLSA") which prohibits employers from keeping "tips received by [their] employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips..." 29 U.S.C. § 203(m)(2)(B).

4.      Defendants also violated the Colorado Wage Claim Act ("CWCA") which prohibits

employers from taking employees' tips. C.R.S. § 8-4-103(6).

5. Defendants' misappropriation of their employees' tips constituted acts of civil theft per C.R.S. 18-4-401(1)("A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization…").

6. Defendants also took a credit against their minimum hourly wage responsibilities based on their invalid tip pooling policy.

7. Defendants thus violated the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 CCR 1103-1(1.10(B)), which nullifies any tip credit taken when tips are taken by management.

8. The FLSA also prohibits employers from taking tip credits against the minimum wage where they require employees to share their tips with ownership, management or non-tipped employees. 29 U.S.C. § 203(m)(2)(A).

9. Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to timely pay their employees all earned, vested and determinable wages and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

10. Plaintiff seeks, on her own behalf and on behalf of all others similarly situated, actual damages, liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs for Defendants' violations of state and federal wage law.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff Teresa Mankovich was employed by Defendants from approximately January, 2024 through approximately August, 2024. Plaintiff Mankovich's FLSA Consent to Join Form is attached as Exhibit 1.

12. Defendant Harout's Inc., d/b/a Brewing Market, LTD is a registered Colorado corporation with its principal office street address at 5775 Arapahoe Ave., Boulder, CO 80303.

13. Defendant Artine Yapoujian is an owner and manager of the Brewing Market enterprise.

14. This Court has jurisdiction over Defendants pursuant to C.R.S. § 13-1-124 because Defendants transact business in this state.

15. This Court has jurisdiction over the subject matter of this action pursuant to C.R.S. § 8-6-118, CCR 1103-1(8.1(A)), 29 U.S.C. § 216(b), and C.R.S. § 8-4-109.

16.     Venue in this Court is proper pursuant to Colo. R. Civ. P. 98 because the claims arose in Boulder county.

## FACTUAL ALLEGATIONS

17.     Defendants employed Plaintiff and those similarly situated as coffee shop workers in Defendants' five coffee shops in Boulder county.

18.     Defendants took a portion of the tips left for their hourly employees and kept those tips for the ownership/management of the coffee shops.

19.     For example, during the pay period running from June 9, 2024 through June 22, 2024, Defendants' hourly employees at the Downtown Boulder location worked a total of 369.79 hours. Rather than dividing the total tips accrued during the pay period ($2,355.35) by this figure, and distributing those tips on a pro rata share basis to their employees, Defendants divided the total tips by 440.01 hours and distributed tips attributable to the extra 70.22 hours to the ownership/management of the enterprise. This resulted in a loss to the employees of $375.68. Similarly, at the same store, during the pay period running from June 23, 2024 through July 6, 2024, the ownership added 81.19 hours to the employee tip pool hours and distributed the pro rata share for those hours to ownership/management for a loss to the employees of $431.12.

20.     Defendants also failed to inform their customers that tips left for any individual employee would be shared among employees and others. Defendants failed to provide customers with notice of their tip-pooling policy on customers' receipts, on table tents, on the menu, on in any other manner.

21.     Defendants paid their hourly employees less than the applicable minimum wage by taking a tip credit against their minimum wage obligations. Because the tip pool was invalid, Defendants were not entitled to take a tip credit. For example, during the pay period from June 23, 2024 through July 6, 2024, Defendants paid the named Plaintiff $12.00 per hour, when the applicable minimum wage rate was $14.42 per hour.

22.     Defendants committed theft when they unlawfully took part of their employees' tips and distributed those tips to ownership/management without any intention to return those tips to the employees and without informing their customers of the tip-sharing policy.

23.     Defendants subjected all their hourly employees to the same policies and practices of tip theft and sub-minimum wage payments.

24.     Defendant's violations of federal and state wage law were willful.

25.     At all times relevant to this action, Defendants employed persons, including Plaintiff and the Members of the Class she seeks to represent, within the State of Colorado.

26.     At all times relevant to this action, Plaintiffs and all others similarly situated performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff and others were to perform.

27.     Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

28.     Each year relevant to this action, Plaintiff and other employees handled coffee, tea, cups, and other materials which moved in interstate commerce.

29.     Defendant Yapoujian, at all material times, exercised financial and operational control over the Brewing Market enterprise, controlled his employees' terms and conditions of employment, and, upon information and belief, made the decision to steal tips from his employees and pay them sub-minimum wages.

30.     Plaintiff hereby demands, on her own behalf and on behalf of all others similarly situated, payment in an amount equal to all earned but unpaid wages and tips due plus liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## RULE 23 CLASS ALLEGATIONS AS TO THE FIRST, SECOND AND THIRD CLAIMS

31.     Plaintiff asserts her First, Second and Third Claims, brought under the COMPS, CWCA and Colorado's Civil Theft statute, as a C.R.C.P. Rule 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

32.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the Class as follows:

> All hourly employees who worked on or after August 19, 2018 who had tips stolen and/or were paid sub-minimum wages.

33.     This action is properly brought as a class action for the following reasons.

34.     All Defendants' hourly employees were subject to Defendants' policy of stealing tips and paying sub-minimum wages.  Only those who were subject to the policy are Members of the putative Class.

35.     The class is so numerous that joinder of all the potential Class Members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 100-150 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

36.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include whether Defendants stole tips from their employees, whether Defendants informed their customers of the tip pooling policy, and whether Defendants paid their employees sub-minimum wages.

37.    The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of employers taking tips from their employees and paying sub-minimum wages. The claims at issue arise from a policy applicable to all Members of the Class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendant's policy of taking tips and paying sub-minimum wages was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent Members of the putative Class.

38.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

39.    The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of the representative Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

40.    The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

41.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

42.    Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All Members of the Class have claims that are factually very similar and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS and CWCA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

43.    Plaintiff is unaware of any Members of the putative Class who are interested in presenting their claims in a separate action.

44.    Plaintiff is aware of no pending litigation commenced by Members of the Class concerning the instant controversy.

45.    This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

46.    The contours of the Class will be easily defined by reference to payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all Members of the putative Class are or were

recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each Class Member.

## COLLECTIVE ACTION ALLEGATIONS AS TO THE FOURTH CLAIM

47.    Plaintiff brings her Fourth Claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "FLSA Collective" as encompassing:

> All hourly employees who worked on or after August 19, 2021 who had tips stolen and/or were paid sub-minimum wages.

48.    The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

49.    All potential collective action Members are similarly situated because they worked for Defendant and were subject to Defendant' common policy of misappropriating tips and paying sub-minimum wages.

## FIRST CLAIM – Misappropriation of Tips and Payment of Sub-Minimum Wages
## Violation of the COMPS, 7 CCR 1103-1

1.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

2.    Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

3.    Defendants were Plaintiff's and others' "employers" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

4.    Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

5.    Defendants violated the COMPS when they misappropriated employees' tips and paid sub-minimum hourly wages. 7 CCR 1103-1(1.10(B)).

6.    Plaintiff and others suffered lost wages and lost use of those tips and wages in an amount to be determined at trial.

7.    Plaintiff and others are entitled to recover unpaid tips and wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

**SECOND CLAIM – Misappropriation of Tips and Failure to Pay All Earned, Vested
and Determinable Wages
Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)**

1.      Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

2.      Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

3.      Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

4.      Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

5.      Defendants violated the CWCA when they misappropriated employee tips and failed to pay all wages due. C.R.S. § 8-4-103(6).

6.      Defendants incurred penalties under the CWCA if they failed to tender wages due within 14 days of receipt of Plaintiff's demand for all wages due to her and to those similarly situated. C.R.S. § 8-4-109.

7.      Plaintiff and others suffered lost tips and wages and lost use of those tips and wages in an amount to be determined at trial.

8.      Plaintiff and others are entitled to recover in a civil action all earned and vested tips and wages owed to them, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**THIRD CLAIM - Stolen Tips
Violation of Colorado's Civil Theft Statute (C.R.S. §§ 18-4-401 *et seq.*)**

1.      Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

2.      As set forth above, Plaintiff asserts this count on her own behalf and on behalf of all those similarly situated pursuant to Fed. R. Civ. P. 23.

3.      By taking a portion of their employees' tips for themselves and by failing to inform their customers of the tip-pooling arrangement, Defendants knowingly obtained, retained and/or exercised control over a thing of value without authorization and/or by threat or deception and intended to and did permanently deprive their employees of the tips by distributing those tips to ownership/management.

4.      Plaintiff and those similarly situated are therefore each entitled to the following pursuant to Colo. Rev. Stat. § 18-4-405: (i) $200 or three times the amount of actual damages sustained, whichever is greater; (ii) reasonable attorney's fees and costs; and (iii) other relief as allowed by law.

**FOURTH CLAIM – Misappropriation of Tips and Payment of Sub-Minimum Wages
Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**

1.      Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

2.      Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

3.      Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

4.      Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

5.      Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

6.      Defendants violated the FLSA when took tips from their employees and paid them sub-minimum wages.  29 U.S.C. § 203(m)(2)(B).

7.      Defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a).

8.      Plaintiff and others have suffered lost tips and wages and lost use of those tips and wages in an amount to be determined at trial.

9.      Plaintiff and others are entitled to recover unpaid tips and wages, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM brought pursuant to the COMPS, that:

    a.   This action be certified as a class action pursuant to C.R.C.P. Rule 23;

    b.   She be certified as the class representative;

    c.   Undersigned counsel be appointed Rule 23 class counsel;

    d.   Prompt notice of this litigation be sent to all putative Class members;

    e.   She and the Class be awarded the wages they are due, together with attorney fees and costs of suit;

    f.   She be awarded a service award in recognition of his work as representative of the Class; and

g.  She and the Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her SECOND CLAIM brought pursuant to the CWCA, that:

a.  This action be certified as a class action pursuant to C.R.C.P. Rule 23;

b.  She be certified as the class representative of the Class;

c.  Undersigned counsel be appointed Rule 23 class counsel;

d.  Prompt notice of this litigation be sent to all putative Class members;

e.  She and the Class members be awarded the wages earned, vested and determinable wages they are due;

f.  She and the Class members be awarded statutory penalties;

g.  She and the Class members be awarded attorney fees and costs of suit;

h.  She be awarded a service award in recognition of her work as representative of the Class; and

i.  She and the Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her THIRD CLAIM brought pursuant to Colorado's civil theft statute, that:

a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b.  She be certified as the class representative of the Class;

c.  Undersigned counsel be appointed Rule 23 class counsel;

d.  Prompt notice of this litigation be sent to all putative Class members;

e.  She and the Class be awarded the greater of $200 or three times the amount of actual damages for each theft, together with attorney fees and costs of suit. C.R.S. § 18-4-405;

f.  She be awarded a service award in recognition of her work as representative of the Class; and

g.  She and the Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her FOURTH CLAIM brought pursuant to the FLSA, that:

  a.  This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the collective;

  b.  She and the FLSA Collective members be awarded unpaid overtime premiums;

  c.  She and the FLSA Collective members be awarded liquidated damages as required by law;

  d.  She and the FLSA Collective members be awarded pre-judgment and post-judgment interest as permitted by law;

  e.  She and the FLSA Collective members be awarded costs and attorney fees;

  f.  She be awarded a service award in recognition of her work as representative of the FLSA Collective; and

  g.  She and the FLSA Collective members be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 19th day of August, 2024 by:

*s/ Brandt Milstein*
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*

## <u>CONSENT TO JOIN LITIGATION</u>

DATE FILED
August 19, 2024 3:19 PM
FILING ID: 8F98E750B7239
CASE NUMBER: 2024CV30689

I, Teresa Mankovich, hereby express my intention and consent to join the case filed by

Milstein Turner, PLLC against my former employers alleging that they violated wage and

hour laws.

Date: August 15, 2024

Signature: *Terrie Mankovich*

DISTRICT COURT BOULDER COUNTY, COLORADO

1777 6th Street, Boulder, CO 80302

Plaintiff(s) / Petitioner(s): **TERESA MANKOVICH on her own behalf and on behalf of all others similarly situated,**

v.

Defendant(s) / Respondent(s): **HAROUT'S INC., d/b/a BREWING MARKET, LTD and ARTINE YAPOUJIAN.**

▲ COURT USE ONLY ▲

DATE FILED
August 29, 2024 12:08 PM
FILING ID: 9FA5D50627279
CASE NUMBER: 2024CV30689

Case No. 2024CV30689

---

### AFFIDAVIT OF SERVICE

I, Danny Fish, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Harout's Inc., d/b/a Brewing Market, Ltd. in Boulder County, CO on August 26, 2024 at 12:11 pm at 5775 Arapahoe Avenue, Boulder, CO 80303 by leaving the following documents with Tonya Croft who as Business Manager is authorized by appointment or by law to receive service of process for Harout's Inc., d/b/a Brewing Market, Ltd..

Summons
Complaint
Cover Sheet
Consent to Join

Additional Description:
Tonya Croft Business Manager take service of the legal documents for the company and for Artine Yapoujian at the business location

American Indian or Alaska Native Female, est. age 55-64, glasses: N, Gray hair, 100 lbs to 120 lbs, 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=40.0157229406,-105.2185285926
Photograph: See Exhibit 1

Total Cost: $85.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF COLORADO THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in

_Boulder County_ ,

_CO_ on _8/26/2024_ .

/s/ *Danny Fish*
_____
Signature
Danny Fish
+1 (983) 444-3422





DISTRICT COURT BOULDER COUNTY, COLORADO

1777 6th Street, Boulder, CO 80302

Plaintiff(s) / Petitioner(s): **TERESA MANKOVICH on her own behalf and on behalf of all others similarly situated,**

v.

Defendant(s) / Respondent(s): **HAROUT'S INC., d/b/a BREWING MARKET, LTD and ARTINE YAPOUJIAN.**

▲ COURT USE ONLY ▲

DATE FILED: August 29, 2024 12:08 PM
FILING ID: 9FA5D50627279
CASE NUMBER: 2024CV30689

Case No. 2024CV30689

## AFFIDAVIT OF SERVICE

I, Danny Fish, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Artine Yapoujian in Boulder County, CO on August 26, 2024 at 12:11 pm at 5775 Arapahoe Avenue, Boulder, CO 80303 by workplace substituted service by leaving the documents at the usual workplace of Artine Yapoujian with Tonya Croft who is the Business Manager for Artine Yapoujian.

Complaint
Summons
Cover Sheet
Consent to Join

Additional Description:
Tonya Croft Business Manager take service of the legal documents for the company and for Artine Yapoujian at the business location

Female, est. age 55-64, glasses: N, Gray hair, 100 lbs to 120 lbs, 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=40.0157229406,-105.2185285926
Photograph: See Exhibit 1

Total Cost: $85.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF COLORADO THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in

____Boulder County_____ ,

____CO_____ on ____8/26/2024_____ .

/s/ *Danny Fish*
_____
Signature
Danny Fish
+1 (983) 444-3422



